# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DILYS YI-CHIN CHANG,<br><br>    Plaintiff,<br><br>vs.<br><br>WATERLOO INDUSTRIES, INC.; and MIKE HALL, Individually and in his official capacity as Director of Strategic Procurement,<br><br>    Defendants. | No. C05-2004<br><br>**ORDER** |

_____

      This matter comes before the court pursuant to plaintiff's August 31, 2005 motion to amend pleadings (docket number 8). Specifically, the plaintiff seeks to add Fortune Brands, Inc. as a defendant. According to the plaintiff, Fortune Brands, Inc. is the parent corporation of Waterloo Industries, Inc., was identified as such on the Iowa Civil Rights Commission complaint form, but was not named as a defendant in the initial complaint, filed on December 6, 2004 and removed to this court on January 5, 2005. Plaintiff further requests that the amendment relate back to the original petition as the claims are identical and the motion simply seeks to add the parent corporation.

      Defendant resists plaintiff's motion, arguing that it should be denied as it fails to comply with Local Rule 15.1 (proposed amended complaint not attached to the motion) and because such an amendment would be futile, as any claim against Fortune Brands, Inc. is barred by the limitations period and does not relate back to the filing of the original pleading under Fed. R. Civ. P. 15(c).[1]

---

[1] The record demonstrates that the plaintiff attempted to rectify the LR 15.1 issue
(continued…)

1

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. The Supreme Court has stated that the granting of leave to amend is within the discretion of the district court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). However, in the absence of a good reason for the denial of the motion, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the defendant or futility of the amendment, denial of leave to amend is an abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962).

Fed. R. Civ. P. 15(c) provides, in pertinent part, that an amendment of a pleading relates back to the date of the original pleading when

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

---

[1](…continued) immediately upon learning of same. The proposed amended complaint was attached to plaintiff's September 16, 2005 reply. The court will not deny plaintiff's motion to amend on this basis.

The rationale behind Rule 15(c)(2) is that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." Maegdlin v. International Ass'n of Machinists and Aerospace, 309 F.3d 1051 (8th Cir. 2002) (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n. 3 (1984)).

The plaintiff was obviously aware that Fortune Brands, Inc. was the parent corporation of Waterloo Industries, Inc., as she stated as much in her April 12, 2004 Iowa Civil Rights Commission complaint form. She further stated in her civil rights complaint Fortune Brand, Inc.'s address and telephone number. According to the lawsuit, plaintiff received her right-to-sue letter from the Iowa Civil Rights Commission on September 7, 2004 and her right-to-sue letter from the EEOC on October 15, 2004. Plaintiff filed her lawsuit on December 6, 2004 in state court, which was removed to this court on January 5, 2005. No reason has been given, however, for plaintiff's failure to initially name Fortune Brands, Inc. as a defendant, or for the nine month delay in seeking to add Fortune Brands as a defendant. Nor has the plaintiff made any allegations or given any rationale as to why Fortune Brands, Inc. would be liable in this case or why she seeks to have them added as a defendant. There are no facts alleged in the proposed complaint which, if true, form a basis for liability. Plaintiff simply says that Fortune Brands owns Waterloo Industries.

While the proposed amendment does not seek to amend any of the substantive allegations of the initial complaint, there is no evidence that Fortune Brands, within 120 days of December 6, 2004, received such notice of the institution of plaintiff's lawsuit, or that Fortune Brands knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. See e.g., Warren v. Dep't of the Army, 867 F.2d 1156, 1161 (8th Cir. 1989) ("Given the substantial identity of interest existing between the Department of the Army and its

3

Secretary, notice of Warren's actions may be properly imputed to the Secretary); <u>Roberts v. Michaels</u>, 219 F.3d 775, 779 (8th Cir. 2000) (allowing motion to amend to add proper corporate defendant where plaintiff promptly moved to amend after learning of problem, same claim was asserted, the "proper" corporate defendant had actual notice of lawsuit as its president and general manager was personally served with the initial complaint well within the time prescribed by Rule 4(m), and it was established that, but for a mistake concerning the identity of the proper party, the lawsuit would have been brought against the corporation).

The identity of Fortune Brands, Inc., as well as its status as Waterloo Industries, Inc.'s parent corporation, was known to the plaintiff well before she filed her lawsuit. This is not a case of mistaken identity or a mis-identified defendant, and plaintiff has not, and cannot, claim as much. Yet, nine months have elapsed since plaintiff's lawsuit was initially fined. Thus, any claim against Fortune Brands, Inc. would not "relate back" to plaintiff's original claim against Waterloo Industries, Inc., and plaintiff's purported claims against Fortune Brands, Inc. are now time barred.

Upon the foregoing,

IT IS ORDERED that plaintiff's motion to amend pleadings (docket number 8) is denied.

September 20, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT